**Laurack D. BRAY, Plaintiff—Appellant,**

v.

**VENTURA COUNTY BAR ASSOCIATION; et al., Defendants—Appellees.**

**No. 02–55634.**

**D.C. No. CV–01–07646–CAS.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 22, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM **

Laurack D. Bray, an African American attorney, appeals pro se the district court's

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

**460**

orders dismissing his defamation and false light claims pursuant to Fed.R.Civ.P. 12(b)(6) and the district court's summary judgment in favor of the Ventura County Bar Association ("VCBA") on his remaining claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998) (dismissal); *Idaho v. Hodel*, 814 F.2d 1288, 1292 (9th Cir. 1987) (summary judgment), and affirm.

The district court did not err by dismissing Bray's defamation and false light claims because truth is a complete defense and Bray concedes, on the face of his complaint, that the statement published by the VCBA was truthful. *See Gill v. Hughes*, 227 Cal.App.3d 1299, 1309, 278 Cal.Rptr. 306 (1991); *see also Cort v. St. Paul Fire & Marine Ins. Cos., Inc.*, 311 F.3d 979, 987 (9th Cir.2002) (stating that when an invasion of privacy claim rests on the same allegation as a defamation claim, the former cannot be maintained as a separate claim if the latter fails as a matter of law).

The district court properly granted summary judgment on Bray's remaining three claims. The district court properly granted summary judgment on Bray's 42 U.S.C. § 1981 claim because he failed to produce evidence that his right to contract for services was different than the rights of other non-members of the California bar. *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir.2000). Furthermore, Bray failed to produce evidence establishing that labeling him as a non-member of the California Bar was "misleading, unfair, fraudulent or unlawful." *See Cel–Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 n. 8, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999). Fi-

nally, he failed to produce evidence sufficient to establish a violation of the Unruh Act, Cal. Civ.Code §§ 51 and 52. *See Reyes v. Atlantic Richfield Co.*, 12 F.3d 1464, 1471 (9th Cir.1993) (affirming the district court's summary judgment on plaintiff's Unruh Act claim because there was no evidence of racial bias).

Bray's remaining contentions are unpersuasive.

**AFFIRMED.**